In re RECOMMENDATION OF NORFOLK
LOCAL ADVISORY BOARD OF HAMP-
TON ROADS DEFENSE-RENTAL AREA
FOR DECONTROL OF OCEAN VIEW.

No. 477.

United States Emergency Court of Appeals.
Submitted July 20, 1948.
Decided July 24, 1948.

Ed Dupree, Gen. Counsel, and Charles
P. Liff, Chief, Appeals Section, both of
Washington, D. C., for the Housing Ex-
pediter.

Jordan A. Pugh, III, of Norfolk, Va.,
for Norfolk Local Advisory Board.

Before MARIS, Chief Judge, and MA-
GRUDER and LAWS, Judges.

MARIS, Chief Judge.

On June 2, 1948, the Housing Expediter
received from the Norfolk Local Advisory
Board of the Hampton Roads Defense-
Rental Area a recommendation for the de-
control of Ocean View, a portion of that
area, pursuant to Sec. 204(e) (1) (A) of
the Housing and Rent Act of 1947, as
amended.[1]  On July 1, 1948, the Housing
Expediter disapproved the recommendation
on the ground that the local board had
failed to comply with the requirements
of Sec. 204(e) (4) of the act, as amended.
Accordingly, pursuant to that section, on

---

[1] 50  U.S.C.A.Appendix,  §  1894(e) (1) (A).

July 6, 1948, he filed in this court the recommendation and other materials received by him from the local board together with his statement and supporting information. Thereafter the Housing Expediter moved under Rule 33 for a summary order of disapproval of the recommendation and the local board has filed an answer to the motion.

The grounds alleged for the motion are (a) That no record was made of the evidence adduced at the public hearing held by the local board and that consequently no transcript of such a record was transmitted to the Housing Expediter with the local board's recommendation, and (b) that no written statement of the local board's findings based upon such record was made or transmitted to the Housing Expediter. The Housing Expediter asserts that without such a transcript of the record and statement of findings the recommendation of the local board cannot be regarded as properly substantiated or in accordance with law and that it must, therefore, be disapproved without consideration of its merits. In its answer the local board takes the position that under the act the making of a record of the evidence and the making of a written statement of findings are not mandatory but permissive only and that neither the Housing Expediter nor this court may disapprove the recommendation solely by reason of the fact that the local board did not follow this procedure. We accordingly turn to consider the provisions of Sec. 204(e) of the Housing and Rent Act of 1947, as amended by Sec. 202(d) of the Housing and Rent Act of 1948[2] which relate to this subject.

Among the pertinent provisions of Sec. 204(e) are the following:

"(3) Upon receipt of any recommendation from a local board, the Housing Expediter shall promptly notify the local board, in writing, of the date of his receipt of such recommendation. Except as provided hereinafter in this subsection, within thirty days after receipt of any recommendation of a local board such recommendation shall be approved or disapproved or the local board shall be notified in writing of the reasons why final action cannot be taken in thirty days. Any recommendation of a local board appropriately substantiated and in accordance with applicable law and regulations shall be approved and appropriate action shall promptly be taken to carry such recommendation into effect.

"(4) For the purposes of paragraph (3) any recommendation of a local board as to a matter referred to in paragraph (1) (A) or (B) shall be deemed to be appropriately substantiated and in accordance with applicable law and regulations, and shall be carried into effect as hereinafter provided—

\* \* \* \* \* \*

"(D) if a record is made of the evidence adduced at the public hearing held by the local board, and the local board certifies and transmits to the Housing Expediter, with such recommendation, a transcript of such record, or of those parts of such record, upon which its recommendation is based and a written statement of its findings made upon the basis of such record; and

"(E) if the record so certified and transmitted to the Housing Expediter contains adequate and substantial evidence to support the findings and recommendation of the local board.

"If the Housing Expediter does not approve such recommendation within thirty days after the date of its receipt by him, he shall, within five days after the expiration of such thirty-day period, file such recommendation in the Emergency Court of Appeals, together with the record and statement of findings of the local board \* \* \* The recommendation, record, and statement of findings of the local board, together with the statement and supporting information filed by the Housing Expediter, shall constitute the record before the court. If the court determines that the recommendation is not in accordance with law, or that the evidence in the record before the court, including such additional evidence as may be adduced before the court, is not of sufficient weight to justify

---

[2] Act of March 30, 1948, c. 161, 62 Stat. 94.

such recommendation, the court shall enter an order disapproving such recommendation; otherwise it shall enter an order approving such recommendation."

The provisions of amended Sec. 204(e) which we have quoted originated in conference between the Senate and House of Representatives upon the bill (S. 2182) which became the Housing and Rent Act of 1948. Section 204(e) as drafted by the conference committee and ultimately adopted sets forth a detailed procedure for the holding of hearings and the making of a record of the evidence taken at such hearings as an integral part of the provisions for promulgation and review of local board recommendations with respect to decontrol and over-all rental adjustments. The entire scheme of the Act clearly is to permit thorough public exploration of the issues after full notice to interested parties and the public and a complete recording of those proceedings. Accordingly before any recommendation may be deemed to be "appropriately substantiated," it must appear that the rigid procedural requirements of subparagraphs (A), (B), (C) and (D) of Section 204(e) (4) have been complied with. Thus, reasonable opportunity to be heard and to be represented by counsel must be given interested persons including representatives of the State and political subdivisions thereof (Section 204(e) (4) (A)); two notices of the hearing, appropriately timed, must be given by publication in a newspaper of general circulation and special written notice of the hearing and recommendation to the Governor of the State (Section 204(e) (4) (B) and (C)); and a record of the hearing must be made and the local board must certify to the Housing Expediter its recommendation, together with a transcript of the record upon which it relies and a written statement of its findings made upon the basis of such record (Section 204(e) (4) (D)).

The Housing Expediter is then given an opportunity to examine the findings, recommendation and record and is directed to approve the recommendation only if the record contains adequate and substantial evidence to support the findings and recommendation of the local board. Such examination requires that the Housing Expediter have before him both findings of fact and a record upon which it is possible to make intelligent and informed judgment as to whether those findings are supported by the evidence. Likewise this court in performing its duty of determining whether the evidence is of sufficient weight to justify the recommendation must have before it the findings upon which the recommendation is based and a complete transcript of the evidence which is alleged to support the findings. That the Congress was aware of the necessity for a complete record of the evidence is indicated by its action in adding the provisions which, if complied with, would insure the availability of a proper basis for review by the Housing Expediter and this court. In Section 204(e) (2) and 204(e) (6) provision is made for the employment of attorneys for hearings and the "necessary costs of reporting hearings" and for "stenographic services." Clearly, it was intended that the Housing Expediter and this court upon its review should have available a verbatim report of the evidence offered at the local board's hearing.

The legislative history of the act supports the conclusion that not only a statement of findings but also a complete report of the evidence are procedural requirements. In commenting upon the statement of the conferees Representative Wolcott, their chairman, said:

"* * * It was theoretically possible for a local board to make a recommendation based upon no evidence before it at the hearing. To guard against that, and also arbitrary actions by the rent administrator in refusing to follow the recommendations, we have provided that the local boards make a record of their hearings and the bill provides for stenographic and reporting services to accomplish that. * * *

"There will be additional costs, because we authorize, in effect, the Housing Expediter to approve the vouchers of the local board for stenographic and reporting

services to make the record which is being reviewed." [3]

In differentiating the conference bill from the bill as passed by the House, which lacked review provisions, Representative Hardy pertinently observed:

"I am grateful that the conferees have recognized the inequity of those provisions which I sought to amend and have brought the bill back to us with appropriate safeguards. The bill before us provides that stenographic records of the hearings will be kept, and in case of disagreement between the local advisory boards and the Housing Expediter the matter will be resolved by the Emergency Court of Appeals on the basis of the evidence. Both landlords and tenants will now be protected against unsubstantiated and arbitrary decisions which might have been rendered by the local boards." [4]

We conclude that in the absence of a full transcript of the evidence adduced at the local board's hearing and of a written statement of the local board's findings therefrom the recommendation of the local board must be regarded as not "appropriately substantiated" or in accordance with the law and that in such a case it is the duty of the Housing Expediter to disapprove the recommendation and of this court likewise to enter an order disapproving it.

When we examine the record filed in this case we find that the local board failed to meet either of these procedural requirements. The record of the evidence which it transmitted to the Housing Expediter consists merely of brief minutes made by its clerk. Moreover a fuller report by its clerk which the local board filed with the Housing Expediter on July 7, 1948, while it does contain lengthier summaries of the evidence of witnesses, is still fatally defective in that it does not give a verbatim report of the testimony as it was adduced at the hearing. Moreover the record contains no statement of any findings by the local board made upon the basis of the evidence. We are, therefore, compelled to conclude that the recommendation here under review is not in accordance with the law and must be disapproved on that ground.

A summary order disapproving the recommendation will, accordingly, be entered.

---

[3] 94 Cong. Rec. pp. 3600, 3601.

[4] 94 Cong. Rec. p. 3602.