WATKINS et al. v. WOODS, Housing Expediter.

APARTMENT BUILDING OWNERS & MANAGERS ASSN. OF CHICAGO v. WOODS, Housing Expediter.

Nos. 515, 518.

United States Emergency Court of Appeals
Heard at Chicago Oct. 27, 1949.
Decided Nov. 1, 1949.

Robert S. Cushman, Chicago, Ill., with whom David P. List, Chicago, Ill., was on

the brief, for complainants W. A. P. Watkins et al.

Charles R. Sprowl, Chicago, Ill., for complainants Apartment Building Owners and Managers Association of Chicago.

Charles P. Liff, Chief, Appeals Section, Washington, D. C., with whom Ed Dupree, General Counsel, Office of the Housing Expediter, Washington, D. C., was on the brief, for the respondent.

Milton I. Shadur, Chicago, Ill., with whom Abraham W. Brussell, Chicago, Ill., was on the brief, for Chicago Industrial Union Council, Congress of Industrial Organizations, amicus curiæ.

Before MARIS, Chief Judge, and McALLISTER and LINDLEY, Judges.

MARIS, Chief Judge.

These are consolidated actions brought under Section 204(e) (4) of the Housing and Rent Act of 1947, as amended by the Housing and Rent Act of 1949, 50 U.S.C.A. Appendix, § 1894(e) (4). The complainants, representative groups of landlords appearing on behalf of the owners and managers of unfurnished apartments of both the elevator and walk-up type, which comprise approximately 90% of all controlled housing accommodations in Cook County, Illinois, in the Chicago Defense-Rental Area, seek disapproval of the recommendation of the Cook County Local Advisory Board "that there be no general adjustment of the maximum rents in Cook County, Illinois at this time" and ask this court to grant a 45% general increase in the maximum rents of controlled housing accommodations in the county.

The challenged recommendation was made after the Board had conducted a public hearing for the purpose of determining the adequacy of the general maximum rent level for residential rental property in Cook County. The regularity of the proceeding is not challenged by complainants. At the hearing, held June 1, 2, 3, and 6, 1949, extensive oral testimony and voluminous written exhibits were submitted by both landlord and tenant representatives. The evidence in support of a general rent increase consists of testimony by individual landlords and representatives of landlord groups and certain written exhibits supplementing and interpreting certain surveys conducted by the Board and the Cook County Fair Rent Committee, respectively, which were also received in evidence. These surveys purport to provide a composite comparison of the net operating positions of Cook County landlords in 1942 and 1948, and on them complainants chiefly rely in their contention that the recommendation is not substantiated within the meaning of the act. The evidence offered in opposition to an increase includes testimony of tenants and representatives of tenant organizations, most of whom took the position that existing inequities, which may be corrected by individual petitions for rent adjustments, would be accentuated and perpetuated by a general rent increase. Written exhibits and expert testimony concerning the reliability of the surveys which complainants presented as the basis for a general increase were also received in evidence.

On June 28, 1949, the Board, after rather prolonged deliberation, during which it considered at length the testimony and documentary evidence submitted, decided by a vote of eight to seven to recommend "that there be no general adjustment of the maximum rents in Cook County, Illinois at this time". This recommendation, dated July 8, 1949, together with a record of the proceedings and the Board's finding of fact, was transmitted to the Housing Expediter and received by him on July 11, 1949. The Expediter approved the recommendation by letter to the Board dated August 9, 1949. These complaints, later consolidated by order of the court, were filed on August 18 and September 7, 1949, respectively, the complainants contending that the Board's recommendation and the Expediter's approval of it are not in accordance with law because the evidence clearly establishes that the Board should have recommended and the Expediter should have approved a substantial general increase in the maximum rents for Cook County.

At the outset we are confronted with certain jurisdictional questions. In

the first place it will be observed that the Board's recommendation was a negative one, namely, that no general adjustment of maximum rents be made at this time. It seems clear under the Housing and Rent Act of 1947, as amended by the Housing and Rent Act of 1949, that a local board has authority to make such a negative recommendation in a proper case and that such a recommendation must be approved or disapproved by the Housing Expediter and may be reviewed by this court upon the filing of a complaint by a representative group of interested parties. For Section 204(e) (1) of the act, as amended, provides that upon a petition, substantial in character, filed by a representative group of tenants or landlords a local board shall hold a public hearing upon the question of decontrol or general adjustment of maximum rents raised by the petitioners and shall render a recommendation thereon. This obviously means that the board may recommend against the proposal of the petitioners as well as in favor of it, depending upon which recommendation is justified by the facts. Likewise, Section 204(e) (3) provides that the Housing Expediter shall act upon all such recommendations of the local boards, and Section 204(e) (4) gives this court jurisdiction upon complaint to approve or disapprove them. We conclude, therefore, that we have jurisdiction of the complaints now before us.

■ A further question arises as to the extent of the power of this court to grant relief in a case in which it should disapprove a negative recommendation such as the one here involved. The complainants ask that this court not only disapprove the recommendation but, in addition, that we order a general increase of the maximum rents in Cook County to the extent of 45%, less certain increases previously granted, or in any event an increase in such amount as we may determine is justified by the evidence. We do not think that the act confers such power upon this court. Section 204(e) (4) of the act, as amended by the Housing and Rent Act of 1949, still provides only that " * * * the Emergency Court of Appeals shall have jurisdiction to enter * * * an order

approving or disapproving the recommendation of the local board. * * * If the court determines that the recommendation * * * is not in accordance with law, or that the evidence in the record before the court, including such additional evidence as may be adduced before the court, is not of sufficient weight to justify such recommedation * * *, the court shall enter an order disapproving such recommendation * * * ; otherwise it shall enter an order approving such recommendation * * * ". We think it is clear from this language that this court is authorized only to approve or disapprove the Board's recommendation and that, if we disapprove it, we are not empowered to substitute our judgment for that of the Board or the Expediter as to the appropriate recommendation which should be made.

■ We have frequently pointed out that this court is one of limited statutory jurisdiction. Thus, in the case of In re Recommendation of Local Advisory Board, Em.App., 172 F.2d 726, 729, we said: " * * * it should be emphasized that this is a court created by Act of Congress, 50 U.S.C.A.Appendix, § 924(c) ; we have no power except as granted by Congress ; our jurisdiction to hear and decide cases before us is strictly limited by Congress. * * * Even though we might disagree with the wisdom of the policies of the local boards or the Housing Expediter, we could not, even though we wished, substitute our personal judgment as to what is best for the community, for the views of the local boards or the Housing Expediter." Again in Re Recommendation of Local Advisory Board, Em.App., 170 F.2d 556, 560, it was said that Congress "has conferred upon us jurisdiction only to determine whether * * * 'the evidence * * * is * * * of sufficient weight to justify such recommendation,' and, upon such determination, to approve or disapprove. This is the limit of our jurisdiction * * * ". In view of these decisions construing the statutory grant of power which, as we have seen, Congress did not enlarge by the 1949 amendments, it is clear that this court has no authority to entertain complainants' prayer for an order granting a general

rent increase. We conclude that if we disapprove a negative recommendation such as the one now before us, we may go no further than to remand the matter to the local board for further consideration and the making of such findings from the evidence and such recommendation thereon as the board in the exercise of its judgment and in conformity with the law may determine to be appropriate.

■ We turn then to the merits of the case. In this case the Board found "the general rent level of residential rental property in Cook County, Illinois and the net operating income of residential rental properties generally in Cook County, Illinois, in the calendar year 1948 as compared to the calendar year 1942 to be adequate and that there is no need for any general adjustment of the maximum rents in that area." Upon this its sole finding of fact the Board made the recommendation, here under attack, that there should be no general adjustment of the maximum rents in Cook County, Illinois, at this time. Since the recommendation was based solely upon the finding to which we have referred its validity depends upon whether that finding is supported by adequate and substantial evidence in the record of the proceedings before the Board. For, as we have heretofore had occasion to point out [1] the act contemplates that the recommendation of a local board shall be supported by findings of fact which it shall formulate and submit to the Housing Expediter with its recommendation in order that both he and this court on review may be able to determine not only whether there is adequate and substantial evidence to support the Board's view of the facts but also whether the facts as it has determined them to be in turn support its recommendation.

■ The complainants strongly urge that there is no evidence in the record to support the Board's finding that the net operating income of landlords in Cook County for the year 1948 as compared with the year 1942 is adequate. The Expediter contends that this finding must be regarded as equivalent to a finding that the evidence did not justify an increase of the maximum rents in the area. We do not agree with the Expediter's contention in this respect. The Board's finding was an unambiguous affirmative finding of the fact that the net operating income of landlords in 1948 was adequate. We are constrained to agree with the complainants' contention with respect to this finding. Assuming, as we think we must, that by "adequate" the Board meant that the net operating income of landlords for the year 1948 was at least equal to that enjoyed by them in the year 1942, our examination of the record fully satisfies us that it does not contain adequate and substantial evidence to support the finding. On the other hand it does contain evidence which might well be construed as showing that the net operating position of landlords in Cook County in 1948 was worse than in 1942.

Whether there is adequate and substantial evidence in the record to support findings that would sustain a recommendation that the general rent level in the area should be increased by the amount sought by the complainants or by any other specific percentage in order "to remove hardships or to correct other inequities, or further to carry out the purposes and provisions of" the act,[2] is another question. It is to this latter question that the Housing Expediter directed his attention in his consideration of the recommendation. Apparently ignoring the specific finding of fact by the Board

1. In re Recommendation of Norfolk Local Advisory Board, Em.App. 1948, 169 F. 2d 277; In re Recommendation of Local Advisory Board, Em.App. 1948, 169 F.2d 955.

2. Section 204 (e) (1) provides in part: " * * * Any local board may make such recommendations to the Housing Expediter as it deems advisable with respect to the following matters:

* * * * * * *
"(B) Adjustments, other than individual adjustments, in maximum rents in such area or any portion thereof or with respect to any class of housing accommodations within such area or any portion thereof, deemed by the local board to be necessary to remove hardships or to correct other inequities, or further to carry out the purposes and provisions of this title: * * *."

to which we have just referred he said in his letter of August 9, 1949, approving the Board's recommendation: "While your Board did not make specific findings of fact to support the conclusion that no general rent increase should be granted at this time, it is evident from the record that no basis for such an adjustment exists. The various surveys taken in evidence did not comply with the requirement that the sample be representative. Moreover, it is clear from an examination of these surveys that to grant a general increase in Cook County would tend not to eliminate but rather to perpetuate any existing inequities."

It may well be, of course, that the Expediter's conclusions with respect to the evidence, and in particular the surveys upon which the complainants largely rely, are justified and that the weight of the evidence, properly considered, would not support a rent increase. It is the responsibility of the Board, however, rather than the Housing Expediter, to consider the evidence presented to it in a proceeding of this nature and to decide whether it justifies findings which would support a recommendation for a specific rent increase. In this case the record does not indicate that the Board did consider the evidence in this light, its recommendation being based, not upon the inadequacy of the evidence before it to support an increase, but on a specific affirmative finding that no such increase is needed because the landlords' net operating income is adequate without it.

Since we hold that this finding is without adequate support in the evidence, the negative recommendation based upon it must be disapproved. Under the circumstances it will be the duty of the local board upon remand of the matter to it to reconsider the evidence now in the record, together with such additional evidence as it may deem it appropriate to receive at a further hearing, if in its discretion it should decide to hold one within the next thirty days, and to make such findings of fact relating to the matter of an increase in maximum rents as the relevant and credible evidence, or lack of it, may justify, and thereupon to make an appropriate recommendation with respect thereto, in lieu of the recommendation which we have today disapproved. In keeping with the time limitations contained in the act we direct that the Board's new recommendation be made within thirty days after service upon it of the orders of this court in these cases. It would seem advisable to point out that orderly procedure on the part of a local advisory board calls for the consideration and adoption by it of its findings of fact, by vote of its members, before its recommendation is decided upon. We say this because, as we have pointed out, the law contemplates that the recommendation of a local advisory board shall be based upon what it finds the facts to be, and obviously this cannot be done until after it has made its findings of fact.

Orders will be entered disapproving the recommendation of the Cook County Local Advisory Board dated July 8, 1949, and remanding the matter to that Board for further proceedings not inconsistent with the opinion of this court.